UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHELE DAWN BROWN                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:13cv1071-DPJ-FKB

MICHAEL J. ASTRUE, COMMISSIONER                                      DEFENDANT
OF SOCIAL SECURITY ADMINISTRATION

ORDER

This cause is before the Court on the Report and Recommendation ("R&R") [17] of the

United States Magistrate Judge, after referral of hearing by this Court.  Magistrate Judge Ball

considered the parties' submissions and concluded that Defendant's Motion to Affirm the

Commissioner's Decision [14] should be granted and that Plaintiff's Motion for Summary

Judgment [11] should be denied.  Plaintiff filed timely Objections [18] to the R&R, and the

Commissioner declined to file a substantive response, resting instead on its previous submissions

[19].  After reviewing the findings in the R&R, together with Plaintiff's Objections and the

briefing on the pending motions, and being otherwise duly advised in the premises, the Court

concludes that the R&R should be adopted as the opinion of this Court.

Judge Ball considered Plaintiff's arguments that the ALJ (1) applied an improper standard

for evaluating whether Plaintiff's impairments qualified as "severe" under applicable law, (2)

failed to give due consideration to certain medical evidence, and (3) failed to properly evaluate

Plaintiff's credibility.  Judge Ball concluded that substantial evidence supported the ALJ's

findings and recommended that the Commissioner's decision be affirmed.

In her Objections, Plaintiff asserts that the ALJ's conclusion that her mental impairment

of depression is non-severe is not supported by substantial evidence.  She also argues that the

ALJ erred in rejecting the opinions of her treating nurse practitioner.  The Court will address each argument in turn.

> A.      Assessment of Plaintiff's Depression as Non-Severe

Judge Ball recommends affirming the ALJ's ruling that Plaintiff's "medically determinable mental impairments of depressive disorder, not otherwise specified, and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe."  R. [10-1] 13.  Plaintiff objects, however, arguing that substantial evidence is lacking because there is a conflict in the evidence.  Pl.'s Obj. [18] at 2.  If the Court reads the objection correctly, it appears to argue that remand is necessary because "substantial evidence exists to support the presence of a severe mental impairment."  *Id.* at 3.  But the correct standard asks whether the ALJ's ruling is supported by substantial evidence, which the Fifth Circuit generally defines as "more than a scintilla, less than a preponderance . . . ."  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citations omitted).  A conflict in the evidence does not require remand.  Indeed the Court may not re-weigh the evidence.  *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

In this case, Judge Ball thoroughly and accurately cataloged the evidence supporting the ALJ's ruling.  *See* R&R [17] at 12–13 (citing to supporting evidence in the record).  This Court agrees that the ALJ's conclusions under the technique support a finding that Plaintiff's depression and anxiety are non-severe.  *See* 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe . . . .").  The ALJ's

conclusion that Plaintiff's mental impairments are non-severe is supported by substantial evidence.

        B.        Treatment of Opinions of Nurse Practitioner

Plaintiff asserts that the ALJ should have considered opinion evidence from Tina Mabry, CFNP, a treating nurse practitioner, in his analysis of the severity of her mental impairments. Specifically, Plaintiff complains that the ALJ did not take into account Mabry's observation that "emotional factors contribute to the severity of [Plaintiff's physical] symptoms and functional limitations." R. [10-1] 819.  As to Mabry's statements regarding Plaintiff's physical limitations, the ALJ concluded that they were "not supported by the treatment records." *Id.* at 16.  The ALJ went on to note that Mabry's opinions are "not entitled to significant consideration under the provisions of Social Security Ruling 06-3p, as Mabry is not a medical source and her opinion was not adopted by an acceptable medical source, such as a medical doctor." *Id.*

As Judge Ball correctly concluded, the ALJ could, but did not have to, consider Mabry's opinion under 20 C.F.R. § 416.913(d)(1).  ("[W]e may also use evidence from other sources to show the severity of your impairment(s) . . . .  Other sources include . . . [m]edical sources not listed in paragraph (a) of this section (for example, nurse practitioners . . .)."); *see Porter v. Barnhart*, 200 F. App'x 317, 319 (5th Cir. 2006) ("At the outset, the ALJ was not required to rely on the chiropractor's evaluation in making the RFC finding because a chiropractor is not an acceptable medical source.").  The ALJ's decision reflects that he did consider Mabry's opinions, finding them unsupported by the medical records and at odds with Plaintiff's own testimony. Substantial evidence supports both the ALJ's conclusions as to Plaintiff's limitations and his decision not to credit Mabry's opinions.

For the foregoing reasons, the Court finds that the R&R of the United States Magistrate Judge should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that Plaintiff's objections to the Report and Recommendation are hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Plaintiff's motion [11] is denied; Defendant's motion [14] is granted; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE